# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

May 26, 2021

**BY ECF**
The Honorable Vera M. Scanlon, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Felipe Medina v. Magic Photo Lab, et al.*
      <u>Case No. 20 Civ. 4600 (ARR) (VMS)</u>

Dear Judge Scanlon,

  We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter with defendants' counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The parties consented to this court's jurisdiction for review of this settlement [Docket 18]. This correspondence supersedes the status report filed at Docket 20, because all parties have executed the settlement agreement and now respectfully seek the court's approval of their settlement.

  The Agreement is being submitted contemporaneously with herewith, and the parties respectfully submit that it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel after careful consideration of the payroll records, the relative strengths and weaknesses of the claims and defenses, financial considerations, and the risks and costs of protracted litigation.

    **I.** ***The Need for the Court's Approval of the Agreement***

  As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional

exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.,* No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

### II.   *Plaintiff's Claim for Unpaid Wages*

Plaintiff assert causes of action for, *inter alia*, unpaid minimum wages and overtime compensation pursuant to the FLSA and New York Labor Law.

Plaintiff worked in a non-tipped capacity as a sales / counter person at a one-hour photo developer in Brooklyn. He worked there for almost two (2) decades but the case was constrained by the six (6) year statute of limitations under the New York Labor Law so we are focusing on that period. During that time, Mr. Mendez was paid either $13.00 per hour, or a salary of $770.00 per week. He worked about fifty (50) hours per week. He presented a small minimum wage case and an overtime case with a total value of up to twenty-four thousand dollars ($24,000).

The parties did not dispute that the number of employees were less than ten (10) triggering a lower minimum wage (there were only four (4) employees in the small store). The defendants also presented a viable complete defense to the federal claims, which we reviewed in a conference with the Magistrate Judge. Defendants' tax returns demonstrated total receipts of less than $300,000 during all relevant years. The Magistrate Judge appropriately encouraged the parties to try to resolve the case before entertaining motion practice which could have resulted in dismissal of the federal claims but allowing the case to be refiled in New York State Court.

The parties agreed that litigating the issues presented would have cost far more than early resolution, and we are pleased that all parties worked efficiently and with generous extensions of formal discovery deadlines from the court, to reach a reasonable settlement.

Based on careful analysis of the payroll records, plaintiff calculated his "best case" scenario to be approximately twenty-five thousand dollars ($25,000), for minimum wages and overtime, in addition to possible liquidated damages. He would also recover attorneys' fees and statutory interest in the event he prevailed at trial. As indicated, defendants had some defenses including a possible complete defense to the alleged federal violations, which could have reduced their exposure, but continued litigation carried it own risks and expenses.

It was the defendants' position that they paid the plaintiff minimum wages at all times, and substantially complied with wage and overtime requirements. Although as described, the payroll procedures may have resulted in unpaid overtime compensation. The parties narrowed their dispute as to matters of fact and law over the past several months.

### III. The Settlement

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $19,000 to resolve all wage and hour claims against the defendants, payable in four (4) monthly installments after the court's approval of the settlement. The settlement amount noted will be inclusive of all attorneys' fees and costs.

### IV. The Agreement is Fair and Reasonable

The parties jointly submit that the settlement is a fair resolution to this litigation, due to *bona fide* disputes about the value of plaintiffs' claims, and thoroughly vetted financial considerations.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also In re Penthouse Executive Club Compensation Litig.,* No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendants. *See*, *Lliguichuzhca v. Cinema 60, LLC*, 11 Civ. 4486, p.4 (GWG), *citing Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011). Our investigation revealed that the corporate defendant had little or no collectable assets, and the individual defendant posed a risk of being unable to satisfy a significant judgment. As such, the proposed settlement is unquestionably the product of arms-length negotiation between represented parties following hard fought negotiation. Indeed, the one-hour photo industry was forever changed by the widespread use of digital photography beginning in the late 1990s. One-hour photo stores, once on almost every city block and within every drug store and Walmart, are today almost extinct. Magic Photo Lab in Brooklyn is a lone survivor in the industry which was devastated long before the impact of the global pandemic. Just as Magistrate Judge Gabriel W. Gorenstein found in *Lliguichuzhca*, "[g]iven that plaintiff would have faced substantial barriers to collecting any judgment and that the proposed settlement is the result of arm's length bargaining between represented counsel during contested litigation…", the court should find it fair and reasonable under the circumstances of this case.

Hon. Vera M. Scanlon, U.S.M.J.
May 26, 2021
Page 4

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well-ersed in the prosecution and defense of wage and hour actions.

### V.       *Application for Attorneys' Fees*

Pursuant to this firm's retainer agreement with plaintiff, our firm seeks to retain one-third of the settlement after reimbursement of costs for filing ($400.00) and service of the complaint ($112.00).

Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiffs' counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiffs prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees over in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017) (approving a percentage fee one-third of settlement amount in FLSA settlement as "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Romero v. ABCZ Corp.*, 14 Civ. 3653 (HBP), 2017 U.S. Dist. LEXIS 90137 (S.D.N.Y. June 12, 2017) (same); *Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement).

A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *See Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15 Civ. 2950, 2018 U.S. Dist. LEXIS 110266, at *15-16 (S.D.N.Y. July 2, 2018) (citations omitted); *Daniels v. Haddad*, 17 Civ. 8067, 2018 U.S. Dist. LEXIS 212861, at *2-3 (S.D.N.Y. Dec. 17, 2018). Here, plaintiff agreed to a one-third contingency retainer agreement with counsel in connection with his wage-and-hour claims.

Hon. Vera M. Scanlon, U.S.M.J.
May 26, 2021
Page 5

      For all of the reasons set forth above, the parties request that the Court approve the Agreement. The agreement provides that the dismissal will be filed with the court upon completion of the payments.  We respectfully ask the court to administratively close the case and order that the parties file the stipulation of dismissal thereby confirming consummation of

the settlement without complication after completion of the payments. The dismissal will be with prejudice, and the case will remain closed.

      We thank the Court for its consideration of this matter.

      Respectfully submitted,

      */s/ Peter Hans Cooper*

      Peter Hans Cooper, Esq.

cc:    All Counsel (by ECF)