UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FELIPE MEDINA,

                Plaintiff,

-against-

MAGIC PHOTO LAB, INC., and
MEHRDAD GAMZEHLATOVA
aka RUBEN GAMZEHLATOVA, *individually*,

                Defendants.

Case No.: 20 cv 4600
(ARR)(VMS)

---

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between FELIPE MEDINA (hereinafter "PLAINTIFF"), and MAGIC PHOTO LAB, INC. or any other business entity doing business as MAGIC PHOTO LAB, (hereinafter "DEFENDANTS") located at 1213 Avenue J, Brooklyn, New York, and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys, including Defendant MEHRDAD GAMZEHLATOVA, a/k/a RUBEN GAMZWHLATOVA (herein collectively referred to as "DEFENDANTS");

    A.    WHEREAS, PLAINTIFF brought forth this action in the United States District Court, Eastern District of New York, against DEFENDANTS

        alleging violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law under the caption *Felipe Medina v. Magic Photo Lab, Inc. and Mehrdad Gamzehlatova a/k/a Ruben Gamzehlatova, individually,* Case No.: 1:20-cv-4600; and

B.    WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims, allegations, and causes of action; and

C.    WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

D.    WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises and releases set forth in this Agreement; and

E.    WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

**1.**    **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of nineteen thousand dollars ($19,000.00).

The payment shall be paid in four (4) equal, monthly installments, the first to be tendered within ten (10) days of court approval of the settlement of this matter and the balance in monthly installments, beginning one month after the first installment payment becomes due and owing, each in the amount of exactly four thousand seven hundred fifty dollars ($4,750); each installment shall be payable to "Cilenti & Cooper, PLLC, as

attorneys for Felipe Medina", and delivered to the offices of plaintiff's counsel Cilenti & Cooper, PLLC at: 10 Grand Central, 155 East 44th Street, 6th Floor, NY, NY 10017. After completion of the payments, plaintiff's counsel shall promptly file the stipulation of dismissal described herein and no further payments shall be owed.

PLAINTIFF and his counsel Cilenti and Cooper further agree that they will be responsible for any taxes, including any payroll taxes and income taxes, due on the payments pursuant to this Paragraph and agree to indemnify and hold harmless DEFENDANTS for any such liability with respect to that payment. PLAINTIFF acknowledges that his attorneys' fees and expenses, in the amount of one-third (1/3) of the net settlement after reimbursement for the filing and service, will be paid as part of the total settlement as set forth herein, and there will be no further or separate claim for attorneys' fees or expenses.

2.  **Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement. PLAINTIFF further acknowledges that his employment with Defendants has ended, that upon receipt of the consideration referred to in Paragraph 1 he will have been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, liquidated damages, interest, sick pay or any other type of accrued benefit, bonus

or commission. In exchange for this Agreement, PLAINTIFF'S counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance with Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and after the payments set forth in Paragraph 1 herein have been completed.

### 3. Release of Claims by PLAINTIFF.

PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tip credits, and was not provided with wage notices, statements, or records in connection with his employment in violation of the FLSA and the New York Labor Law, and any and all claims, allegations, and causes of action plead or that could have been plead in the above referenced and captioned action  The claims released by PLAINTIFF include any and all claims against DEFENDANTS concerning PLAINTIFF'S employment with or arising from his employment with DEFENDANTS pursuant to the FLSA and the New York Labor Law which were asserted during the course of this litigation, including claims for unpaid overtime, unpaid minimum wage, unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage notices, statements, or records pursuant to New York Labor Law § 195(1) and (3). PLAINTIFF understands that he is releasing any and all claims asserted against

4

DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation and accruing prior to and up to the date of this Agreement.

    **4.**    **Affirmations by PLAINTIFF.**

    a. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFF in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

    b. As a result of this settlement, PLAINTIFF admits and affirms that: (i) he has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii) he has no other outstanding lawsuits or claims against DEFENDANTS, other than this action brought in the United States District Court, Eastern District of New York.

    c. PLAINTIFF affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

    d. PLAINTIFF has entered into this Agreement under his own free will and volition upon consultation with his attorney.

    e. PLAINTIFF has had this Settlement Agreement read to him by

PLAINTIFF'S counsel and/or an employee thereof in his native language and/or has been provided a copy of this Agreement in his native language.

      f.    <u>Non-Disparagement</u>. The PLAINTIFF and the DEFENDANTS agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, demean or in any way criticize the personal or business reputation of the other. The PLAINTIFF and the DEFENDANTS acknowledge that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present, or future), customers, future employers, or prospective future employers. The PLAINTIFF and the DEFENDANTS understand and agree that this paragraph is a material provision of this Agreement and that any breach of this paragraph shall be a material breach of this Agreement, and that each of the PLAINTIFF and the DEFENDANTS would be irreparably harmed by violation of this provision. This Paragraph shall not be interpreted to prevent PLAINTIFF from making truthful statements concerning their Fair Labor Standards Act claims and defenses asserted in this action.

    **5.**    **No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF **and by the signing of this Agreement expressly denies and does not admit any legal liability or the truth and actionability of any allegations, claims, or causes of action plead or that could have been plead by PLAINTIFF prior to and up to the signing of this Agreement.**

6

### 6. Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF and DEFENDANTS hereby represent that they have consulted their attorney(s) about this Agreement before signing it. All parties further acknowledge that they have no other interest in the settlement and the entering of this Agreement other than the covenants, promises, and other consideration explicitly set forth in this Agreement. All parties further agree that the negotiation of this Agreement was done at arms length with competent and uninterested counsel as stated above.

### 7. Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

### 8. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

### 9. Waiting Period, Right of Revocation, Effective Date.

PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this

Agreement, and that he has been given the opportunity to and, in fact, has consulted with an attorney for those purposes  The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

### 10. Entire Agreement.

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and DEFENDANTS.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND**

AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

**By Plaintiff:** _____
Felipe Medina
Date: 5-11-2021

**By Defendants:** MAGIC PHOTO LAB, INC.

By _____

Date:

_____
MEHRDAD GAMZEHLATOVA
Date:

10

By: _____5-26-21_____

Date:

_____[signature]_____

MEHRDAD GAMZEHLATOVA

Date:

**EXHIBIT A**

**EXHIBIT A**

11

*[proposed – to be filed upon completion of the settlement]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FELIPE MEDINA,

                Plaintiff,

Case No.: 20 cv 4600
(ARR)(VMS)

-against-

MAGIC PHOTO LAB, INC., and
MEHRDAD GAMZEHLATOVA
aka RUBEN GAMZEHLATOVA, *individually*,

                Defendants.

---

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement and Release of Claims), to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: _____, 2021

| For the Plaintiff: | For the Defendants: |
|---|---|
| CILENTI & COOPER, P.C. | HAMRA LAW GROUP, P.C. |
| | |
| By:_____ | By:_____ |
| Peter Hans Cooper, Esq. | Abraham Hamra, Esq. |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 10 Grand Central | 1 Lindon Place – Suite 207 |
| 155 East 44th Street – 6th Floor | Great Neck, New York 11021 |
| New York, New York 10017 | |

So Ordered:

_____D.J.